UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

RECEIVED

APR 26 2006

WILLIAM T. WALSH, CLERK

| | |
|---|---|
| RAMADA WORLDWIDE INC., f/k/a Ramada Franchise Systems, Inc., a Delaware Corporation, | |
| Plaintiffs, | Civil Action No. 05-4051 (JLL) |
| vs. | |
| GRACE LAWN REALTY, INC., a Delaware Corporation; and ROBERT HAGENBACH, an individual, | REPORT & RECOMMENDATION |
| Defendants. | |

## INTRODUCTION

This matter comes before me on Defendants' motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(h)(3) and for attorneys' fees and costs. This motion was referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

This action began with the filing of a Complaint by plaintiff Ramada Worldwide, Inc. ("RWI"), on August 15, 2005. The Complaint was served on defendants Gracelawn Realty, Inc., and Robert Hagenbach (collectively "Defendants"), on or about August 18, 2005. An Answer was filed on December 21, 2005. Thereafter, Defendants made the

pending motion. RWI submitted a letter brief in opposition to the motion. Therein, RWI determined that this Court does not have jurisdiction and does not oppose the motion. However, RWI requests that Defendants' application for attorneys' fees and costs be denied. Defendants filed a reply memorandum in support of their motion to dismiss that acknowledged RWI's admission that the Court lacks jurisdiction. Defendants continue to request attorneys' fees and costs.

### DISCUSSION

RWI states in paragraph 1 of the Complaint that it is a corporation organized under the laws of Delaware. In paragraph 2, RWI states that Gracelawn Realty is of the same State. In paragraph 3, RWI states that Hagenbach is a citizen of Delaware. There is no diversity of citizenship under 28 U.S.C. 1332 (a) (1).

Both parties agree that the action should be dismissed for lack of jurisdiction. Since this will not be a determination on the merits, the action should be dismissed without prejudice. "[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'." Figueroa v. Buccaneer Hotel, Inc. 188 F.3d 172, 182 (3d Cir. 1999).

RWI alleges that the Defendants did not request a dismissal nor raise the issue of improper jurisdiction prior to filing its motion. Defendants should have done so pursuant to the procedure set forth in Rule 11. Rule 11(b)(1) prohibits presentation of a motion for "any improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation." Fed. R. Civ. P. 11(b)(1). If Defendants had, no motion would have been necessary.

## CONCLUSION

For the reasons set forth above, I recommend that Defendants' motion to dismiss for lack of jurisdiction be granted without prejudice. I recommend that Defendants' application for attorneys' fees and costs be denied for failure to comply with Rule 11.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/Ronald J. Hedges<br>
United States Magistrate Judge

cc:  Hon. Jose L. Linares, U.S.D.C.
     File